**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **CRAIG CUNNINGHAM,**<br>**Plaintiff,**<br><br>**v.**<br><br>Creative Edge Marketing LLC, Terrell Samuels, John/Jane Does 1-5<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 4:19-cv-00669-ALM-CAN |
| | | |

**<u>SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGEMENT</u>**

1. Creative Edge Marketing LLC (hereinafter "Creative Edge") provides internet marketing, website design and branding, online advertising, social media marketing and business consulting services.
2. Terrell Samuels is the managing partner of Creative Edge.
3. Mr. Cunningham received multiple calls from Defendants soliciting his interests in their services.
4. These calls were initiated by telemarketers with foreign accents who asked a series of questions relating to Plaintiff's business interests and his desire to increase his online marketing presence.
5. Specifically, these foreign telemarketers offered to showcase Plaintiff's business information prominently on the internet search engine Google in order to grow his business' exposure by those interested in his products and services.

6. The various telemarketers calling and communicating with Plaintiff did not identify who they were calling on behalf of until being asked.
7. After completing a series of screening questions from the initial telemarketer, Plaintiff is then live transferred to a "product specialist". With the hope of enticing Plaintiff to finalize the sale, the product specialist provided incentives such as limited time only offerings and bundled services at discounted rates.
8. The product specialist also does not identify whom he is calling on behalf of until being asked.
9. These calls were not related to an emergency purpose and were not initiated with the Plaintiff's consent.
10. The Defendants were soliciting the Plaintiff over the phone to purchase internet advertising services without the Defendants maintaining an internal, written do-not-call policy.
11. Defendants knew overseas telemarketers were placing calls on their behalf to consumers across the country offering to enhance their profiles on internet search engines such as Google and Yahoo! using an automated telephone dialing system.
12. Terrell Samuels is a managing partner of Creative Edge Marketing LLC, and directed the telemarketing calls at issue. Mr. Samuels' email communications with Plaintiff exhibit his knowledge and command of Creative Edge's sales strategies, customer service policies, product implementation, and information technology. These aspects of Creative Edge's business operations were integral during the telemarketing calls at issue.
13. Mr. Cunningham has a limited data plan. Incoming calls chip away at his monthly allotment.
14. Mr. Cunningham has limited data storage capacity on his cellular telephone. Incoming calls

from Defendants consumed part of this capacity.

15. On April 17, 2019 Mr. Cunningham emailed Terrell Samuels regarding his desire to stop receiving unwanted telemarketing calls and threatened to sue as a result of these calls.

16. Defendants placed 43 calls to Plaintiff after receiving the email from Plaintiff requesting Defendants to stop all telemarketing calls to his cellular phone on April 17, 2019.

17. To compound matters, Plaintiff filed his complaint against Defendant Creative Edge on October 7, 2019 and Plaintiff received three calls that same day from Defendants and one call after on October 21, 2019.

18. Defendants knowingly violated the *Telephone Communication Protection Act 47 U.S.C. § 227* **("TCPA")** by initiating automated calls to Plaintiff.

19. Mr. Cunningham requested Defendant Creative Edge's do-not-call policy but never received it.

20. At all times relevant to the claims alleged herein, Terrell Samuels was the managing partner in charge of Creative Edge Marketing LLC. Each and every call placed on behalf of Creative Edge was done under the direction of Terrell Samuels.

21. Terrell Samuels was aware that Creative Edge was sending automated, telemarketing calls en masse to the public, including Plaintiff.

22. As a managing partner of Creative Edge, Terrell Samuels had the power to stop these spam campaigns.

23. As managing partner of Creative Edge, Terrell Samuels had the power to fire the managers and employees taking part in the day-to-day operations of these illegal robocalling schemes.

24. Terrell Samuels allowed the calls to continue and the responsible managers to keep their jobs—despite his knowledge of do-not-call complaints from recipients of these messages, including the Plaintiff.

25. The phone calls were to the Plaintiff's cellular phone 615-348-1977, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

**Creative Edge is in default and should have a default judgment awarded against them**

26. Creative Edge is in default. More than 21 days have passed since they were served, and they have not filed a responsive pleading or answer to the lawsuit. The clerk entered default on 8/26/2020.

## A. WILLFUL VIOLATIONS OF THE TCPA

27. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *47 U.S.C. § 227(b)(1)(A)(iii)*.

28. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). *47 U.S.C. § 227(b)(1)(B)*.

29. The TCPA provides a private cause of action to persons who receive calls in violation of § *227(b)*. *47 U.S.C. § 227(b)(3)*.

30. The calls at issue here were unwanted and unsolicited by the Plaintiff. No emergency necessitated the calls. Each call was sent by an Automated Telephone Dialing System (hereinafter "ATDS").

31. Creative Edge was knowingly sending automated, telemarketing calls en masse to the public, including Plaintiff.

32. The foregoing acts and omissions by Terrell Samuels constitute multiple violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. *47 U.S.C. § 227(b)(3)(B)*. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. *47 U.S.C. § 227(b)(3)*.

**B. WILLFUL VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE 305.053**

33. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was also violated in this case. A violation of *47 U.S.C. § 227(b)(1)(A)* of the TCPA is also a violation of *Texas Business and Commerce Code* 305.053.

34. The calls at issue here were unwanted and unsolicited by the Plaintiff. No emergency necessitated the calls. Each call was sent by an ATDS and Creative Edge had knowledge of these calls, and knowingly allowed them to continue despite Mr. Cunningham'sclearly expressed desire for Creative Edge to cease calling his cell phone. .

35. The Plaintiff may seek damages under this Texas law for violations of *47 USC 227* or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. *Texas Business and Commerce Code 305.053(b).* Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. *Texas Business and Commerce Code 305.053(c)*.

**C.TELEMARKETING WITHOUT MANDATED SAFEGUARDS, 47 C.F.R. § 64.1200(d))**

36. The statutory language of 47 C.F.R. § 64.1200(d)(1) requires the telemarketer to have a procedure in place to produce a written do-not-call policy upon demand. There is no affirmative defense for failing to produce a do-not-call policy upon demand. *Simmons v. Charter Communications, Inc.* 222 F.Supp.3d 121 at 131 (2016). Creative Edge never sent Mr.

Cunningham a do-not-call policy after he asked to receive one.

37. By making telemarketing solicitations despite lacking a written policy, available upon demand, for failing to maintain a do-not-call list, in violation of *47 C.F.R. § 64.1200(d)(1)*,neglecting to train the individuals involved in telemarketing on the existence of and use of a do-not-call list, in violation of *47 C.F.R. § 64.1200(d)(2)*, and failing, in its solicitations, to provide the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of *47 C.F.R. § 64.1200(d)(4)* Creative Edge violated the TCPA.

38. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. *Texas Business and Commerce Code 305.053(b).*

39. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. *Texas Business and Commerce Code 305.053(c)*.

Based on the foregoing proposed facts and law, the Plaintiff respectfully requests that the Court enter default judgment for the Plaintiff.

Respectfully submitted:

/s/ Leland McRae

**Leland Garrett McRae**
**SBN 24086374**
**1150 N. Loop 1604 W, Ste 108-461**
**San Antonio, TX 78248**
**Phone: 210-569-0434**
**FAX: 210-493-6080**
**EMAIL: leland@lelandmcrae.com**

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing pleading was forwarded by (first class mail, hand-delivery, or certified mail) to Creative Edge Marketing LLC, a Wyoming limited liability company, whose principal place of business is P.O. Box 570364, Houston, Texas 77257 and Terrell Samuels, P.O. Box 570364, Houston, Texas 77257 .

/s/ Leland McRae

Leland Garrett McRae