**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:19-CV-00669-ALM-CAN |
| v. | § | |
| | § | |
| CREATIVE EDGE MARKETING LLC, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Craig Cunningham's Motion for a Default Judgment and Request for a Hearing to Determine Damages ("Plaintiff's Motion for Default Judgment") [Dkt. 37]. The Court, after providing notice to Defendant Creative Edge Marketing, LLC [Dkt. 38], held an evidentiary hearing on September 15, 2020, at which Plaintiff was represented by counsel [Dkt. 45]. Following hearing, Plaintiff filed a Supplemental Brief in Support of Motion for Default Judgment [Dkt. 44]. After reviewing the Motion for Default Judgment, Supplemental Brief, and all other relevant findings, the Court recommends Plaintiff's Motion for Default Judgment [Dkt. 37] be **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

## BACKGROUND

Plaintiff moves the Court to enter default judgment against Defendant Creative Edge Marketing LLC ("Defendant")[1] under Federal Rule of Civil Procedure 55 [Dkts. 37; 44; 45]. On September 16, 2019, Plaintiff filed suit against Defendants Creative Edge Marketing LLC and

[1] Plaintiff states Defendant is a Wyoming limited liability company with its principal place of business in Texas [Dkt. 18 at 1-2].

Terrell Samuels in the Eastern District of Texas [Dkt. 1].[2] On February 12, 2020, Plaintiff filed his Amended Complaint [Dkt. 18]—the live pleading. Therein, Plaintiff alleges federal question jurisdiction and asserts three causes of action against Defendant Creative Edge Marketing, LLC for violations of: (1) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A) [Dkt. 18 at 10-11]; (2) 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d) [Dkt. 18 at 11-12]; and (3) Texas Business and Commerce Code § 305.053 [Dkt. 18 at 12-13].

Plaintiff's Amended Complaint alleges he received multiple calls, in violation of the TCPA and Texas Business and Commerce Code, by or on behalf of Defendant; Defendant is alleged to have solicited Plaintiff over the phone to purchase internet advertising services [Dkt. 18 at 6-7]. Defendant Creative Edge Marketing LLC "provides internet marketing, website design and branding, online advertising, social media marketing and business consulting services"—the same services offered in the alleged calls [Dkt. 18 at 5-6]. Plaintiff alleges the calls made by or on behalf of Defendant were initiated by an automated telephone dialing system ("ATDS") to place calls to his cellphone for non-emergency purposes without his consent [Dkt. 18 at 7]. Plaintiff further alleges the callers did not identify who they were calling on behalf of until asked [Dkt. 18 at 6]. Plaintiff claims that, after he completed screening questions with an initial foreign telemarketer, he was transferred to a "product specialist" who offered incentives to purchase Defendant's marketing services [Dkt. 18 at 6]. Plaintiff believes Defendant knew "overseas telemarketers were placing calls on [its] behalf" using an ATDS, without Plaintiff's consent, and without maintaining a written do-not-call policy [Dkt. 18 at 6-7]. Further to this point, Plaintiff's pleadings detail certain conversations with Defendant Terrell Samuels, alleged to be the managing partner of Creative Edge Marketing LLC [Dkt. 18 at 1, 6-7]. Plaintiff claims he emailed Samuels that

[2] Terrell Samuels, who is proceeding *pro se*, is not subject to the Court's recommendation herein. Plaintiff and Defendant Samuels are proceeding to trial before United States District Judge Amos L. Mazzant, III.

Plaintiff no longer wanted to receive "unwanted telemarketing calls and threatened to sue" [Dkt. 18 at 8]. Plaintiff pleaded that he received forty-five calls to his cell phone by or on behalf of Defendant after he sent the email to Samuels on April 17, 2019 [Dkt. 18 at 8-9]. As discussed more fully hereinafter, at hearing, Plaintiff proffered a phone log and spreadsheet demonstrating specific days, times, and phone numbers for calls from the phone numbers he alleges are violative of the statute.[3]

By way of his Motion for Default Judgment, Plaintiff seeks statutory damages of $1,500 per phone call under § 227(b) for willful and knowing violations, $1,500 per phone call under § 227(c) for willful and knowing violations, $1,500 per phone call under the Texas Business and Commerce Code for willful and knowing violations, court costs, interest, and attorneys' fees [Dkt. 18 at 10-13].[4]

***Relevant Procedural History***

Returns of service are on file as to Defendant, which recites Plaintiff served Defendant with the Complaint on October 7, 2019 [Dkt. 14], and the Amended Complaint on March 16, 2020 [Dkt. 24]. To-date, Defendant has failed to answer Plaintiff's Complaint or Amended Complaint or otherwise appear in this action. Over five months after Defendant was purportedly served with the Amended Complaint, Plaintiff moved for clerk's entry of default with an affidavit in support, swearing Defendant was served but that a response was not "served within the time allowed by law" [Dkts. 34; 34-1]. The attached affidavit further declares Defendant has not sought additional time to respond [Dkt. 34-1]. On August 26, 2020, the Clerk entered default against Defendant,

---

[3] There is a discrepancy between the number of calls alleged in the Amended Complaint and the number of calls Plaintiff testified to at hearing. This discrepancy is discussed more fully infra.

[4] Plaintiff's prays for $3,000 per call arising from the TCPA [Dkt. 18 at 13], which appears to arise from each willful and knowing violation under both § 227(b) and § 227(c) combined.

stating Defendant "failed to plead or otherwise defend herein as provided by the Federal Rules of Civil Procedure" [Dkt. 36]. The same day, Plaintiff filed the instant Motion [Dkt. 37].

The Court set a hearing on the Motion for September 15, 2020, in Sherman, Texas [Dkt. 38]. At the evidentiary hearing, Plaintiff was represented by counsel [Dkt. 45]. Defendant, notwithstanding having been provided notice, did not appear [Dkts. 42; 45]. At hearing, Plaintiff offered testimony regarding the calls and submitted exhibits, including a request for admissions sent to Terrell Samuels, an Excel spreadsheet that details the forty-three calls Plaintiff received by or on behalf of Defendant, a 505-page list of all calls involving phone number 615-348-1977, and an email dated April 17, 2019, between Plaintiff and Samuels [Dkt. 45]. After hearing, Plaintiff further filed a Supplemental Brief [Dkt. 44]. Plaintiff has proffered an Affidavit in Support of Plaintiff's Admitted Exhibit [Dkt. 44-1 at 1] and document titled "Admissions" [Dkt. 44-1 at 2-5]. Therein, Plaintiff's counsel Leland McRae declares that he sent the "Admissions" to Terrell Samuels via mail on December 6, 2019, but that the "Admissions" were not answered [Dkt. 44-1 at 1]. Plaintiff's Supplemental Brief, submitted after the evidentiary hearing, is largely a recitation of the factual allegations and legal standards in the Amended Complaint. *Compare* [Dkt. 44], *with* [Dkt. 18]. No answer or other response has been received from Defendant to either the Motion for Default Judgment or Plaintiff's Supplemental Brief.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. *See* FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does

not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* Here, because Defendant has failed to properly answer or otherwise respond to Plaintiff's suit and Plaintiff has obtained an entry of default, the first two requisites for a default judgment have been met. Thus, the only remaining issue for determination is whether a default judgment is warranted.

Entry of default judgment is within the Court's discretion. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004); FED. R. CIV. P. 55(b). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey*, 161 F.3d at 893).

"In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit utilize a three-part analysis: 1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief, if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (Mazzant, J.) (citing *Lindsey*, 161 F.3d at 893). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co.*, 515 F.2d at 1206 (citing *Ohio Cent.*

*R.R. Co. v. Cent. Tr. Co. of New York, 1889*, 133 U.S. 83 (1890)). On the other hand, "a defendant's default does not concede the truth of allegations of the complaint concerning damages." *Graham*, 2017 WL 2600318, at *1 (citing *Jackson v. FIE Corp.*, 302 F.3d 151, 524-25 (5th Cir. 2002)).

**ANALYSIS**

***1. Default Judgment is Procedurally Warranted***

"The Court must first determine whether a default judgment is procedurally warranted." *Id.* at *2 (citing *Lindsey*, 161 F.3d at 893). There are six factors relevant to this inquiry:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by good faith mistake or excusable neglect; [5] the harshness of default judgment; and [6] whether the court would think itself obligated to set aside the default on the defendant's motion.

*Id.* On balance, the factors favor granting default judgement against Defendant. First, there are no material issues of fact in the instant case. *See id.* ("[W]hen a defendant defaults, he admits to the plaintiff's well-pleaded allegations of fact, and therefore, there are no material issues of fact."). Second, Plaintiff's "interests [are] prejudiced because [Defendant's] failure to respond [brings] the adversary process to a halt." *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893). Under the third and fifth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts as Defendant has received both ample notice of this action and sufficient time to respond. *See Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2020 WL 1808239, at *3 (E.D. Tex. Jan. 26, 2020), *report and recommendation adopted*, No. 4:18-CV-362, 2020 WL 1703192 (E.D. Tex. Apr. 8, 2020); *Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-S-BH, 2018 WL 3118400, at *3 (N.D. Tex. May 29, 2018), *report and recommendation adopted*, 2018

WL 3117529 (N.D. Tex. June 25, 2018) (citing *Lindsey*, 161 F.3d at 893). Plaintiff has not contributed to the delay in this case, and there does not appear at present to be any basis upon which the Court would be obligated to set aside the default. Plaintiff, accordingly, has met the procedural requirements for default judgment. *See id.* (citing *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *3 (N.D. Tex. Apr. 28, 2016)). As such, the Court finds that default judgment is procedurally warranted.

***2. Sufficient Basis in the Pleadings to Enter Default Judgment***

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). However, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206; *see also Graham*, 2017 WL 2600318, at *1. Only well-pleaded facts, not conclusions of law, are presumed to be true. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This low threshold is less rigorous than that under Rule 12(b)(6). Recognizing that "a defendant ordinarily must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards

into the default-judgment context." *Id.* at n.3.

***i. Section 227(b) and the Texas Business and Commerce Code***

Plaintiff asserts a claim under 47 U.S.C. § 227(b) and also under the Texas Business and Commerce Code. "Section 227(b) of the TCPA makes it unlawful for any person 'to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call,' or 'to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.'" *TechStorm*, 2018 WL 3118400, at *3 (quoting 47 U.S.C. § 227(b)(1)(A)(iii), (B)). "The TCPA defines 'automatic telephone dialing system' as equipment with the capacity to 'store or produce telephone numbers to be called, using a random or sequential number generator,' and to dial such numbers." *Id.* (quoting 47 U.S.C. § 227(a)(1)). "To state a claim under the TCPA for calls made to a cellular phone, a plaintiff is required to allege that a call was made to a cell or wireless phone by the use of any automatic dialing system or an artificial or prerecorded voice and without prior express consent of the called party." *Id.* (citing 47 U.S.C. § 227(b)(1)(A); *Chambers v. Green Tree Servicing LLC*, No. 3:15-CV-1879-M-BN, 2017 WL 2693565, at *1 (N.D. Tex. June 20, 2017)).

Under Texas law, "[a] person who receives a communication that violates 47 U.S.C. Section 227 . . . may bring an action in this state against the person who originates the communication for . . . damages in the amount provided by this section." TEX. BUS. & COM. CODE § 305.053(a)(2). By establishing a violation under 47 U.S.C. § 227, a party has also established a violation under the related statute in the Texas Business and Commerce Code. *See Cunningham*

*v. CBC Conglomerate LLC*, No. 4:17-CV-00793-ALM-CAN, 2019 WL 7500497, at *8 (E.D. Tex. Dec. 4, 2019) (citing *Morris v. Hornet Corp.*, No. 4:17-CV-00350, 2018 WL 4781273, at *9 (E.D. Tex. Sept. 14, 2018)), *report and recommendation adopted*, 2020 WL 70917 (E.D. Tex. Jan. 7, 2020).

Plaintiff has alleged sufficient facts to state a claim under § 227(b) of the TCPA for calls made to his cell phone. Specifically, Plaintiff alleged he received calls by or on behalf of Defendant that involved the solicitation of services to increase Plaintiff's online marketing presence via Google [Dkt. 18 at 6, 8]. Plaintiff further alleged these calls were initiated by an ATDS but ultimately resulted in speaking with a live telemarketer and then a "product specialist" that offered incentives to make a purchase for Plaintiff's business [Dkt. 18 at 6-7]. As Plaintiff details, Defendant provides certain marketing, website design, branding, advertising, social media, and other business-related services, which are the same services alleged in the calls [Dkt. 18 at 5-6]. Plaintiff further details his conversations with Samuels, who he claims is Defendant's managing partner [Dkt. 18 at 1, 6-7].

During the evidentiary hearing, Plaintiff provided further detail in support of his claims while testifying under oath [Dkt. 45]. Plaintiff stated he received a total of forty-three calls on his personal cell phone that were made on behalf of Defendant while Plaintiff was residing in the State of Texas. Plaintiff articulated that he keeps track of these calls with an Excel spreadsheet that he cross-references from his Republic Wireless phone records. He detailed how he received these calls from what sounded like non-native speaking telemarketers who tried to offer Plaintiff various e-commerce services to increase the "Google presence" of Plaintiff's business using key words and search engines. Plaintiff purportedly purchased the services to discern Defendant's identity, which eventually resulted in emails and phone calls with Samuels. Plaintiff testified that Samuels

admitted that Defendant used an ATDS. Plaintiff then requested a refund and do-not-call list. Plaintiff further articulated that he no longer wished to receive these calls, that Defendant was in violation of the TCPA, and that Plaintiff was going to sue Defendant under the TCPA. Specifically, Plaintiff detailed that he began to email back and forth on or around April 17, 2019, which he claims made it "clear" that he did not want what Defendant was selling. Plaintiff further testified that he still received phone calls offering the same services from substantially similar phone numbers—a process commonly referred to as "spoofing"—after he notified Defendant that he did not wish to receive these calls. Plaintiff reiterated that each of the forty-three calls at issue were made without his consent. Plaintiff further explained that each of these calls were made using an ATDS as evidenced by a delay when answering the calls, including three to five seconds of dead air followed by a conversation with a live telemarketer.

Plaintiff's pleadings present sufficient factual context to notify Defendant of the conduct charged.[5] Plaintiff has sufficiently pleaded that Defendant violated § 227(b) of the TCPA and the Texas Business and Commerce Code.[6]

---

[5] *See TechStorm*, 2018 WL 3118400, at *4 ("Plaintiff has alleged sufficient facts to state a claim under § 227(b) of the TCPA for calls made to his cell phone. He alleges that Defendant made calls to his cell phone by the use of an automatic dialing system and prerecorded message without his prior express consent, and he additionally specified the frequency/times of the calls and the reasons for his contention that it was Defendant who called him."); *Crawford v. Target Corp.*, No. 3:14-CV-0090-B, 2014 WL 5847490, at *4 (N.D. Tex. Nov. 10, 2014) ("Here, Plaintiff has offered sufficient factual allegations in support of her claim against Defendant. She has stated that Defendant called her cellular telephone number, and she has indicated the reasons for her contention that Defendant employed an ATDS in calling her. She has further specified the frequency and time of the calls. Plaintiff's pleadings offer far more than conclusory statements concerning Defendant's liability and instead present sufficient factual context to notify Defendant of the conduct charged."); *Barnes v. Santander Consumer USA, Inc.*, No. 1:14CV01941, 2015 WL 12777362, at *1 (N.D. Ohio June 15, 2015) ("In this instance, the plaintiff alleges that in 2013 the defendant began calling her three cell phones in an effort to collect a debt allegedly owed by the plaintiff's ex-boyfriend, Mark Durgan . . . she maintains that the defendant did not have her consent to place the calls. And she alleges that upon answering the calls, she was met with a period of silence before being transferred to one of defendant's representatives. The plaintiff alleges that this period of silence is indicative of an automatic dialer. These allegations provide fair notice of the claims against the defendant, and the plaintiff's TCPA claim is sufficiently pled.").

[6] *See* 47 U.S.C. § 227(b)(1)(A)(iii) (Under the TCPA, it is "unlawful for any person . . . to *make any call* . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call[.]") (emphasis added); 47 U.S.C. § 227(b)(1)(B) (Under the TCPA, it is "unlawful for any person . . . to initiate any telephone call to any

***ii. Section 227(c)(5) and 47 C.F.R. § 64.1200(d)***

Plaintiff also brings a claim under § 227(c)(5) of the TCPA for violations of 47 C.F.R. § 64.1200(d). Section 227(c)(5) of the TCPA states "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(c)(5). 47 C.F.R. § 64.1200(d), which was promulgated under § 227, states that "[n]o person or entity shall initiate any call for telemarketing purposes to a *residential telephone subscriber* unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d) (emphasis added). "The regulation relates to a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls." *See Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 842 (E.D. La. 2012).

Plaintiff has not sufficiently alleged a violation of § 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(d). 47 C.F.R. § 64.1200(d) applies "to a residential telephone subscriber." *See* 47 C.F.R. § 64.1200(d). Plaintiff alleges, and indeed confirmed at the evidentiary hearing, that the calls were made to his personal cell phone—not a residential telephone. Various courts have considered similar claims by Plaintiff and found that the regulation does not encompass Plaintiff's cell phone(s). *See, e.g., Politi*, 2019 WL 2517085, at *4; *Cunningham v. Sunshine Consulting*

---

residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes[.]").

*Group, LLC*, No. 3:16-2921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018); *Cunningham v. Rapid Capital Funding, LLC*, No. 3:16-02629, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017); *Cunningham v. Spectrum Tax Relief, LLC*, No. 3:16-2283, 2017 WL 3222559, at *7 (M.D. Tenn. July 7, 2017); *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847, 2017 WL 2719992, at *5-6 (M.D. Tenn. June 23, 2017); *see also Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1195-96 (M.D. Tenn. 2017). As such, Plaintiff has not provided a sufficient basis to proceed on his claim under § 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(d). *See TechStorm*, 2018 WL 3118400, at *4; *Cunningham v. Professional Education Institute, Inc.*, No. 4:17-CV-894, 2018 WL 6709515 (E.D. Tex. Nov. 5, 2018).[7]

***3. Damages***

Because Plaintiff has provided a sufficient basis in the pleadings for default judgment on his claims under § 227(b) of the TCPA and § 305.053(a)(2) of the Texas Business and Commerce Code, the Court must now determine whether a specific amount of damages can be determined by reference to information in the pleadings and supporting documents on file. In other words, the Court must determine "what form of relief, if any, a plaintiff should receive." *Graham*, 2017 WL 2600318, at *1 (citing *Lindsey*, 161 F.3d at 893).

In awarding relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975). Moreover, "[o]nce a defendant is in default, the court accepts as true all facts

---

[7] Plaintiff has previously brought claims under § 227(c)(5) in the Eastern District of Texas. *See Mark D. Guidubaldi and Assocs., LLC*, No. 4:18-cv-00118-ALM-CAN, 2019 WL 1119365, at *9-10; *Cunningham v. Florio*, No. 4:17-cv-00839-ALM-CAN, 2018 WL 4473792, at *13 (E.D. Tex. Aug. 6, 2018); *Cunningham v. Greenstar Capital Solutions, LLC*, No. 4:18-cv-000161-ALM-CAN, 2018 WL 4572711, at *5 (E.D. Tex. Aug. 1, 2018); *Cunningham v. Crosby Billing Servs., Corp.*, No. 4:18-cv-00043-ALM-CAN, 2018 WL 6424792, at *7 (E.D. Tex. Oct. 14, 2018); *Professional Education Institute, Inc.*, No. 4:17-cv-00894-ALM-CAN, 2018 WL 6709515, at *6.

set forth in the complaint aside from those relating to damages." *Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-CV-373, 2012 WL 1580759, at *3 (E.D. Tex. Feb. 3, 2012). Courts that have awarded default judgments for TCPA claims have determined the number of phone calls in violation of the TCPA based on allegations in the complaint or upon additional evidence, such as screenshots of the plaintiff's phone showing the alleged violations. *See Arredondo v. Flexi Corp.*, No. 5:17-CV-4, 2017 WL 7796192, at *2 (S.D. Tex. Aug. 18, 2017); *see also Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-CV-373, 2012 WL 1580759, at *4 (E.D. Tex. Feb. 3, 2012), *report and recommendation adopted*, No. 1:11-CV-373, 2012 WL 1580636 (E.D. Tex. May 4, 2012).

As stated *supra*, Plaintiff's Amended Complaint alleges that there were forty-five calls made by or on behalf of Defendant [Dkt. 18 at 8-9]. By contrast, at hearing, Plaintiff testified that he received forty-three calls that were placed by or on behalf of Defendant [Dkt. 45]—less than he pleaded. The exhibits proffered to the Court during hearing, including an Excel spreadsheet of the forty-three calls and corresponding 505-page list of all calls involving phone number 615-348-1977, demonstrate Plaintiff received forty-three calls [Dkt. 45]. Plaintiff's testimony expounded on the content of these various calls, including the pause before being connected to a live person and the content of the services offered [Dkt. 45]. Based upon Plaintiff's live pleading, Motion for Default Judgment, testimony at hearing, and proffered evidence, Plaintiff has shown that Defendant is liable for forty-three violations of § 227(b). For each of these calls, Plaintiff seeks (1) statutory damages of $500.00 or $1,500.00 per phone call (for knowing or willful violations) under 47 U.S.C. § 227(b); and (2) statutory damages of $500.00 or $1,500.00 per phone call (for knowing or willful violations) under Texas Business and Commerce Code § 305.053 [Dkt. 18 at 10, 12-13].

"When a plaintiff succeeds on a TCPA claim, he can recover the greater of actual damages or $500 for each violation of § 227(b)(1)(A)."[8] *TechStorm*, 2018 WL 3118400, at *5 (citing 47 U.S.C. § 227(b)(3)). 47 U.S.C. § 227(b)(3) only permits a plaintiff to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation," which may be increased "not more than 3 times" if a court finds that "the defendant willfully or knowingly violated this subsection." 47 U.S.C. § 227(b)(3)(B). Plaintiff has shown Defendant is liable for forty-three violations of § 227(b) of the TCPA, requiring a *minimum* award of $21,500.00.

Plaintiff appears to request treble damages by nature of asking for $1,500.00 per phone call. *See* 47 U.S.C. § 227(b)(3). Under the TCPA, a court may, in its discretion, award double or even triple damages for any "willful or knowing" violations of § 227(b). 47 U.S.C. § 227(b)(3). A willful or knowing violation does "not requir[e] bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001); *see also King v. Time Warner Cable*, 113 F. Supp. 3d 718, 727 (S.D.N.Y. 2015). Here, Plaintiff proffered to the Court during the evidentiary hearing an Excel spreadsheet that lists forty-three calls placed between April 24, 2019, and October 21, 2019 [Dkt. 45]. But Plaintiff provided no testimony, and Plaintiff's counsel did not articulate at hearing, any argument supporting a willful violation. Accordingly, the Court, in its discretion, recommends denying treble damages on the instant record. *See* 47 U.S.C. § 227(b)(3).

Plaintiff also seeks damages under the Texas Business and Commerce Code. But "[b]ecause [Plaintiff] has already been awarded $500 for [the] violation of Section 227(b), he is not entitled to any additional monetary damages for the corresponding violation of Section 305.053." *See Shields v. Gawk Inc.*, No. 3:18-CV-00150, 2019 WL 1787781, at *5 (S.D. Tex.

[8] Plaintiff has provided no evidence of his actual monetary damages from which the Court could mathematically determine the damage done to him, if any. As such, the Court must look to the statutory damages.

Apr. 24, 2019) (citing *Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013)), *report and recommendation adopted*, 2019 WL 2103423 (S.D. Tex. May 14, 2019); *see also Politi*, 2020 WL 1808239, at *6.

Plaintiff finally seeks court costs, interest, and attorneys' fees [Dkt. 18 at 10-13]. At the evidentiary hearing, Plaintiff testified that he no longer seeks such relief and instead solely seeks the aforementioned statutory damages [Dkt. 45]. Plaintiff's counsel later indicated he may request attorneys' fees but did not provide a legal or factual basis—including fee statements or otherwise—for attorneys' fees in either the Motion for Default Judgment [Dkt. 37] or Supplemental Brief [Dkt. 44] despite being provided opportunities to do so. Accordingly, at this juncture, and having had multiple opportunities to submit the appropriate documentation and authority, the Court recommends any request for costs and attorneys' fees be denied. Plaintiff has not demonstrated entitlement to court costs, attorneys' fees or the like under the TCPA.

## CONCLUSION

Based on the foregoing, the Court recommends Plaintiff Craig Cunningham's "Motion for a Default Judgment and Request for a Hearing to Determine Damages" [Dkt. 37] be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff should be awarded $21,500.00 as statutory damages for Defendant Creative Edge Marketing, LLC's forty-three violations of § 227(b) of the TCPA.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 24th day of September, 2020.**

____________________________________
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE