**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **CRAIG CUNNINGHAM,**<br>**Plaintiff,**<br><br>**v.**<br><br>Creative Edge Marketing LLC, Terrell Samuels, John/Jane Does 1-5<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 4:19-cv-00669-ALM-CAN |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Craig Cunningham, by and through his counsel of record Leland McRae requests this Honorable Court grant his Motion for Summary Judgment and states:

## INTRODUCTION

Defendant Terrell Samuels has admitted to all material facts and allegations set forth in Plaintiff's Amended Complaint. As such, there are no genuine issues for trial as to any material fact in this case. Summary judgment in favor of Plaintiff Craig Cunningham is appropriate.

## ISSUES PRESENTED

1. Did Defendant Terrell Samuels knowingly violate the *Telephone Communication Protection Act 47 U.S.C. § 227* ("TCPA") by initiating automated calls to Plaintiff?
2. Did Defendant Terrell Samuels knowingly violate the *Texas Business and Commerce Code* 305.053 by initiating automated calls to Plaintiff?

3. Did Defendant Terrell Samuels knowingly violate **47** C.F.R. § 64.1200(d)(1), (2), & (4) when he knowingly initiated calls to Plaintiff without a do not call policy in place, and by failing to identify as required under this statute?

## I. STATEMENT OF UNDISPUTED FACTS

Creative Edge Marketing LLC (hereinafter "Creative Edge") provides internet marketing, website design and branding, online advertising, social media marketing and business consulting services. Terrell Samuels is the managing partner of Creative Edge. Mr. Cunningham received multiple calls from Defendants soliciting his interests in their services. These calls were initiated by telemarketers with foreign accents who asked a series of questions relating to Plaintiff's business interests and his desire to increase his online marketing presence.

Specifically, these foreign telemarketers offered to showcase Plaintiff's business information prominently on the internet search engine Google in order to grow his business' exposure by those interested in his products and services. The various telemarketers calling and communicating with Plaintiff did not identify who they were calling on behalf of until being asked. After completing a series of screening questions from the initial telemarketer, Plaintiff is then live transferred to a "product specialist". With the hope of enticing Plaintiff to finalize the sale, the product specialist provided incentives such as limited time only offerings and bundled services at discounted rates. The product specialist also does not identify whom he is calling on behalf of until being asked.

These calls were not related to an emergency purpose and were not initiated with the Plaintiff's consent. The Defendants were soliciting the Plaintiff over the phone to purchase internet advertising services without the Defendants maintaining an internal, written do-not-

call policy. Defendants knew overseas telemarketers were placing calls on their behalf to consumers across the country offering to enhance their profiles on internet search engines such as Google and Yahoo! using an automated telephone dialing system.

Terrell Samuels is a managing partner of Creative Edge Marketing LLC, and directed the telemarketing calls at issue. Mr. Samuels' email communications with Plaintiff exhibit his knowledge and command of Creative Edge's sales strategies, customer service policies, product implementation, and information technology. These aspects of Creative Edge's business operations were integral during the telemarketing calls at issue.

Mr. Cunningham has a limited data plan. Incoming calls chip away at his monthly allotment. Mr. Cunningham has limited data storage capacity on his cellular telephone. Incoming calls from Defendants consumed part of this capacity. On April 17, 2019 Mr. Cunningham emailed Terrell Samuels regarding his desire to stop receiving unwanted telemarketing calls and threatened to sue as a result of these calls. Defendants placed 42 calls to Plaintiff after receiving the email from Plaintiff requesting Defendants to stop all telemarketing calls to his cellular phone on April 17, 2019.

To compound matters, Plaintiff filed his complaint against Defendant Creative Edge on October 7, 2019 and Plaintiff received three calls that same day from Defendants and one call after on October 21, 2019. Defendants knowingly violated the *Telephone Communication Protection Act 47 U.S.C. § 227* ("TCPA") by initiating automated calls to Plaintiff. Mr. Cunningham requested Defendant Creative Edge's do-not-call policy but never received it. At all times relevant to the claims alleged herein, Terrell Samuels was the managing partner in charge of Creative Edge Marketing LLC. Each and every call placed on behalf of Creative Edge was done under the direction of Terrell Samuels.

Terrell Samuels was aware that Creative Edge was sending automated, telemarketing calls in mass to the public, including Plaintiff. As a managing partner of Creative Edge, Terrell Samuels had the power to stop these spam campaigns. As managing partner of Creative Edge, Terrell Samuels had the power to fire the managers and employees taking part in the day-to-day operations of these illegal robocalling schemes. Terrell Samuels allowed the calls to continue and the responsible managers to keep their jobs—despite his knowledge of do-not-call complaints from recipients of these messages, including the Plaintiff.

The phone calls were to the Plaintiff's cellular phone 615-348-1977, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## II. ARGUMENT

"Summary judgment is appropriate where the competent summary judgment evidence demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." QBE Ins. Corp. v. Brown & Mitchell, Inc., 591 F.3d 439, 442-43 (5th Cir. 2009). Where, as here, "a proper motion for summary judgment is made, a nonmoving party who wishes to avoid judgment by establishing a factual dispute must set forth specific facts showing that there is a genuine issue for trial." Hanks v. Transcon. Gas Pipe Line Corp., 953 F.2d 996, 997 (5th Cir. 1992). "This burden is not satisfied with some metaphysical doubt as to

the material facts by conclusory allegations or by only a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). To the contrary, "summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support judgment in favor of the nonmovant." *Id*. (emphasis in original). Summary judgment is appropriate here because the material factual issues are not in dispute and Plaintiff is clearly entitled to judgment as a matter of law.

### A. <u>Defendant Terrell Samuels Used an Auto Dialer</u>

The calls at issue here were unwanted and unsolicited by the Plaintiff. *See* Docket #45 & #47. No emergency necessitated the calls. *Id*. Each call was sent by an Automated Telephone Dialing System (hereinafter "ATDS"). A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

Defendant Terrell Samuels was aware that Creative Edge was sending automated, telemarketing calls in mass to the public, including Plaintiff. *See* Exhibit A. Terrell Samuels had admitted that he authorized calls to Plaintiff's cell phone using an automatic telephone dialing system. *Id*. Terrell Samuels has admitted he authorized or participated in the calls initiated using an automatic telephone dialing system in an attempt to reach Plaintiff Craig Cunningham. *Id.* Terrell Samuels admitted that he authorized or participated in placing calls using a pre-recorded

message to Plaintiff Craig Cunningham's cell phone. *Id.* Terrell Samuels has admitted that he did not have prior express written consent from the Plaintiff to receive calls initiated using an automated telephone dialing system at the times alleged in this lawsuit. *Id.*

Terrell Samuels has admitted that none of the calls he participated in that were placed using an automated telephone dialing system to Plaintiff's phone were for an emergency purpose. *Id.* Terrell Samuels had admitted that his employer Creative Edge did not have an internal do not call policy in place at the time of each and every call to Plaintiff's phone from Creative Edge and that he was aware of this fact. *Id.* Terrell Samuels has admitted that each and every call made by Creative Edge violated 47 USC 227(b). *Id.* Terrell Samuels has admitted that each and every call by Creative Edge to Plaintiff violated 47 CFR 64.1200(d). *Id.* Terrell Samuels had admitted that each and every call to Plaintiff alleged in his complaint violated Texas Business and Commerce Code 305.053. *Id.* Terrell Samuels has admitted that each and every call placed by Creative Edge and himself, Terrell Samuels, was willfully and knowingly placed by Defendants in this case. *Id.*

As a managing partner of Creative Edge, Terrell Samuels had the power to stop these spam campaigns. *See* Exhibit B. Terrell Samuels allowed the calls to continue and the responsible managers to keep their jobs—despite his knowledge of do-not-call complaints from recipients of these messages, including the Plaintiff. *Id.* Terrell Samuels is personally liable for the illegal calls made to Plaintiff. *Id.*

The foregoing acts and omissions by Terrell Samuels constitute multiple violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making willfully making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent. The Texas Business and Commerce code has an analogous portion that

is related to the TCPA and was also violated in this case. A violation of *47 U.S.C. § 227(b)(1)(A)* of the TCPA is also a violation of *Texas Business and Commerce Code* 305.053.

The *Texas Business and Commerce Code § 305.053* states "[a] person who receives a communication that violates 47 U.S.C. Section 227 [the TCPA], a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication. . . ." Tex. Bus. & Com. Code § 305.053(a). As such, Terrell Samuels is liable to Plaintiff under *Texas Business and Commerce Code § 305.053* as well. Plaintiff is entitled to summary judgment on this issue under State and Federal laws.

## B. TELEMARKETING WITHOUT MANDATED SAFEGUARDS, 47 C.F.R. § 64.1200(d))

### 1. It is Undisputed Defendant APP Failed to Produce a Do-Not-Call Policy Upon Demand and Failed to Identify During the Calls at Issue

47 C.F.R. § 64.1200(d) sets forth certain procedures that a telemarketer must comply with prior to the initiation of a telemarketing call. Prior to initiating such calls, the person or entity placing the call must comply with the following standards under 47 C.F.R. § 64.1200(d):

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

A telemarketer violates this subsection not by placing the calls themselves, but by failing to have the required procedures in place prior to the initiation of the calls. *See Charvat v. GVN*

*Michigan, Inc.*, 561 F.3d 623, 632 (6th Cir. 2009). There is no statutory safe harbor for a violation of the requirement to have procedures in place prior to the initiation of a call. In order to allege a violation of subsection (d), a plaintiff must show that the entity placing the calls failed to institute the proper procedures prior to the initiation of the call. *Id.*

The statutory language of 47 C.F.R. § 64.1200(d)(1) requires the telemarketer to have a procedure in place to produce a written do-not-call policy upon demand. There is no affirmative defense for failing to produce a do-not-call policy upon demand. *Simmons v. Charter Communications, Inc.* 222 F.Supp.3d 121 at 131 (2016). By making telemarketing solicitations despite lacking a written policy, available upon demand, for maintaining a do-not-call list, in violation of *47 C.F.R. § 64.1200(d)(1)*, failing to train the individuals involved in telemarketing on the existence of and use of a do-not-call list, in violation of *47 C.F.R. § 64.1200(d)(2)*, and failing, in the solicitations, to provide the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of *47 C.F.R. § 64.1200(d)(4)* Creative Edge violated the TCPA. Terrell Samuels has admitted that Creative Edge placed the calls at issue to Plaintiff's phone without a do not call policy in place and that he was aware of this fact.

Terrell Samuels, as managing partner of Creative Edge with knowledge of these ongoing violations and control of Creative Edge's operational guidelines, is individually liable under the TCPA and *Texas Business and Commerce Code* 305.053. This is so because Terrell Samuels was complicit in these violations, allowed them to happen, and failed to act to correct these violations despite having full knowledge of them. In *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011) the Sixth Circuit Court of Appeals lays out with painstaking detail and specificity that 47 C.F.R

64.1200(d) does provide a private right of action for Plaintiff's claims under this code section. Plaintiff's request for summary disposition on this issue should be granted.

**WHEREFORE,** Plaintiff prays this Honorable Court grant his Motion for Summary Judgment for the facts and reasons stated above.

Respectfully submitted:

/s/ Leland McRae

**Leland Garrett McRae**
**SBN 24086374**
**1150 N. Loop 1604 W, Ste 108-461**
**San Antonio, TX 78248**
**Phone: 210-569-0434**
**FAX: 210-493-6080**
**EMAIL: leland@lelandmcrae.com**

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing pleading was forwarded by (first class mail, hand-delivery, or certified mail) to Creative Edge Marketing LLC, a Wyoming limited liability company, whose principal place of business is P.O. Box 570364, Houston, Texas 77257 and Terrell Samuels, P.O. Box 570364, Houston, Texas 77257.

/s/ Leland McRae

Leland Garrett McRae