# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM | § | |
| | § | Civil Action No. 4:19-CV-669 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| CREATIVE EDGE MARKETING LLC, ET AL. | § | |
| | § | |

## **ORDER**

The Court *sua sponte* reconsiders its February 2, 2021 Memorandum Adopting (Dkt. #53) under Rule 54(b). *See, e.g.*, *Oracle Oil, LLC v. EPI Consultants*, 391 F. Supp. 3d 634, 636 (E.D. La. 2019) (reconsidering, *sua sponte*, a prior order on a motion *in limine*); *Carr v. P.R. Ports Auth.*, 806 F. Supp. 2d 494, 502 (D.P.R. 2011) (reconsidering, *sua sponte*, a prior order denying summary judgment). Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). The Court's February 2, 2021 Memorandum Adopting (Dkt. #53) "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"—it solely adopted the Magistrate Judge's recommendation that Plaintiff be awarded a default judgment for Defendant Creative Edge Marketing, LLC's forty-three violations of § 227(b) of the Telephone Consumer Protection Act. The Memorandum Adopting did not adjudicate "the claims or the rights and liabilities" of Defendant Samuels. Nor was a judgment entered, which would have required a different analysis. *See, e.g.*, FED. R. CIV. P. 59(e) ("Motion to Alter or Amend a Judgment"); *In re Deepwater Horizon*, 785 F.3d 986, 992 (5th Cir. 2015) (outlining the standard for altering or amending a judgment under Rule 59(e)); *cf. Austin v. Kroger Tex., L.P.*, 864 F.3d

326, 336 (5th Cir. 2017) (concluding the district court should have analyzed a motion for reconsideration under Rule 54(b) because there was no request to reconsider a *judgment*).

"Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 227 (5th Cir. 2020) (citation omitted). The Court's recent decision in *Cunningham v. Matrix Financial Services, LLC* constitutes a sufficient reason to reconsider the February 2, 2021 Memorandum Adopting. *See* No. 4:19-CV-896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021).

On March 31, 2021, less than two months after the February 2 Memorandum Adopting and before entry of any judgment in this case, the Court issued its decision in *Matrix*. *See id.* Analyzing the Supreme Court's opinion in *Barr v. American Association of Political Consultants, Inc. (AAPC)*, 140 S. Ct. 2335 (2020), the Court reiterated the *AAPC* Court's holding that "§ 227(b)(1)(A)(iii) [of the TCPA] was unconstitutional from the moment Congress enacted the government-debt exception until the Supreme Court handed down its decision in *AAPC*." *Matrix*, 2021 WL 1226618, at *11. Thus, the Court has determined it lacks subject matter jurisdiction over any § 227(b)(1)(A)(iii) claims for calls made between November 2015, *see* Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 301, 129 Stat. 584, 588 (2015), and July 6, 2020, *see AAPC*, 140 S. Ct. at 2356. In the instant case, the February 2, 2021 Memorandum Adopting concluded Plaintiff was entitled to statutory damages for forty-three violations of § 227(b) of the TCPA for calls were placed between April 24, 2019, and October 21, 2019 (Dkts. #45; #46 at p. 14). The Court lacks subject matter jurisdiction over these claims because the calls were all made between November 2015 and July 6, 2020. *See Matrix*, 2021 WL 1226618, at *11. Thus, the Court must vacate or otherwise withdraw its previously entered Memorandum Adopting. Indeed, a "court

cannot enter a default judgment if it lacks subject matter jurisdiction." *See Yu v. Perry*, 82 F. App'x 993, 994 (5th Cir. 2003) (per curiam). Accordingly,

It is therefore **ORDERED** that the February 2, 2021 Memorandum Adopting (Dkt. #53) is hereby **WITHDRAWN**. The Magistrate Judge shall expeditiously issue an amended Report and Recommendation on Plaintiff Craig Cunningham's Motion for a Default Judgment (Dkt. #37) in light of this Order and the Court's decision in *Cunningham v. Matrix Financial Services, LLC*, No. 4:19-CV-896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021).

**IT IS SO ORDERED.**

**SIGNED this 9th day of June, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE