**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:19-CV-00669-ALM-CAN |
| v. | § | |
| | § | |
| CREATIVE EDGE MARKETING LLC, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**AMENDED REPORT AND RECOMMENDATION**
**<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Pending before the Court is Plaintiff Craig Cunningham's Motion for a Default Judgment and Request for a Hearing to Determine Damages ("Plaintiff's Motion for Default Judgment") [Dkt. 37]. The Court, after providing notice to Defendant Creative Edge Marketing, LLC [Dkt. 38], held an evidentiary hearing on September 15, 2020, at which Plaintiff was represented by counsel [Dkt. 45].[1] Following hearing, Plaintiff filed a Supplemental Brief in Support of Motion for Default Judgment [Dkt. 44]. On September 24, 2020, the undersigned recommended Plaintiff's Motion for Default Judgment be granted in part and denied in part, which the District Court adopted. *Cunningham v. Creative Edge Mktg. LLC*, No. 4:19-CV-00669-ALM-CAN, 2020 WL 8409093 (E.D. Tex. Sept. 24, 2020), *report and recommendation adopted*, No. 4:19-CV-669, 2021 WL 351295 (E.D. Tex. Feb. 2, 2021). Before entry of any judgment, the District Court *sua sponte* withdrew its Memorandum Adopting [Dkt. 53] the undersigned's September 24, 2020 recommendation. The District Court instructed the undersigned to issue an amended report and recommendation considering its recent opinion in *Cunningham v. Matrix Fin. Services, LLC*, No.

[1] Plaintiff is no longer represented by counsel and is presently proceeding *pro se*. On March 2, 2021, the Court granted Plaintiff's prior counsel's Motion to Withdraw [Dkt. 57].

4:19-CV-896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021). Having now done so, the Court recommends Plaintiff's Motion for Default Judgment [Dkt. 37] be **DENIED**.

## BACKGROUND

***Summary of Live Pleading and Default Motion***

Plaintiff moves the Court to enter default judgment against Defendant Creative Edge Marketing LLC ("Defendant") under Federal Rule of Civil Procedure 55 [Dkts. 37; 44; 45]. On September 16, 2019, Plaintiff filed suit against Defendants Creative Edge Marketing LLC and Terrell Samuels in the Eastern District of Texas [Dkt. 1].[2] On February 12, 2020, Plaintiff filed his Amended Complaint [Dkt. 18]—the live pleading. Therein, Plaintiff alleges federal question jurisdiction and asserts three causes of action against Defendant Creative Edge Marketing, LLC for violations of: (1) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A) [Dkt. 18 at 10-11]; (2) 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d) [Dkt. 18 at 11-12]; and (3) Texas Business and Commerce Code § 305.053 [Dkt. 18 at 12-13].

Plaintiff's Amended Complaint alleges he received multiple calls between April and October 2019, in violation of the TCPA and Texas Business and Commerce Code, by or on behalf of Defendant; Defendant is alleged to have solicited Plaintiff over the phone to purchase internet advertising services [Dkt. 18 at 6-7]. Defendant Creative Edge Marketing LLC "provides internet marketing, website design and branding, online advertising, social media marketing and business consulting services"—the same services offered in the alleged calls [Dkt. 18 at 5-6]. Plaintiff alleges the calls made by or on behalf of Defendant were initiated by an automated telephone dialing system ("ATDS") to place calls to his cellphone for non-emergency purposes without his consent [Dkt. 18 at 7]. Plaintiff further alleges the callers did not identify who they were calling

[2] Terrell Samuels, who is proceeding *pro se,* is not subject to the Court's recommendation herein. Plaintiff has separately filed a Motion for Summary Judgment as to Defendant Terrell Samuels [Dkt. 48].

on behalf of until asked [Dkt. 18 at 6]. Plaintiff claims that, after he completed screening questions with an initial foreign telemarketer, he was transferred to a "product specialist" who offered incentives to purchase Defendant's marketing services [Dkt. 18 at 6]. Plaintiff believes Defendant knew "overseas telemarketers were placing calls on [its] behalf" using an ATDS, without Plaintiff's consent, and without maintaining a written do-not-call policy [Dkt. 18 at 6-7]. Further to this point, Plaintiff's pleadings detail certain conversations with Defendant Terrell Samuels, alleged to be the managing partner of Creative Edge Marketing LLC [Dkt. 18 at 1, 6-7]. Plaintiff claims he emailed Samuels that Plaintiff no longer wanted to receive "unwanted telemarketing calls and threatened to sue" [Dkt. 18 at 8]. Plaintiff pleaded that he received forty-five calls to his cell phone by or on behalf of Defendant after he sent the email to Samuels on April 17, 2019 [Dkt. 18 at 8-9].

Relevant to the District Court's directive to the undersigned, at hearing, Plaintiff proffered a phone log and spreadsheet demonstrating specific days, times, and phone numbers for calls from the phone numbers he alleges are violative of the statute—all calls occurred between April 24, 2019, and October 21, 2019 [Dkts. 45; 46 at 4]. By way of his Motion for Default Judgment, Plaintiff seeks statutory damages of $1,500 per phone call under § 227(b) for willful and knowing violations, $1,500 per phone call under § 227(c) for willful and knowing violations, $1,500 per phone call under the Texas Business and Commerce Code for willful and knowing violations, court costs, interest, and attorneys' fees [Dkt. 18 at 10-13]. As indicated, the undersigned previously recommended Plaintiff's requested relief be granted in part and denied in part; specifically, Plaintiff receive damages for forty-three violations of § 227(b) [Dkt. 46].

***Relevant Procedural History Regarding Issuance of Amended Report***

On June 9, 2021, the District Court *sua sponte* reconsidered the February 2, 2021 Memorandum Adopting [Dkt. 58]. The June 9, 2021 order noted that "less than two months after the February 2 Memorandum Adopting and before entry of any judgment in this case, the Court issued its decision in *Matrix*" [Dkt. 58 at 2]. Analyzing the Supreme Court's decision in *Barr v. American Association of Political Consultants, Inc. (AAPC)*, 140 S. Ct. 2335 (2020), the District Court in *Cunningham v. Matrix Fin. Services, LLC*, No. 4:19-CV-896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021), "determined it lacks subject matter jurisdiction over any § 227(b)(1)(A)(iii) claims for calls made between November 2015, *see* Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 301, 129 Stat. 584, 588 (2015), and July 6, 2020, *see AAPC*, 140 S. Ct. at 2356" [Dkt. 58 at 2]. This time span encompasses those calls about which Plaintiff complains in the instant cause. As such, the District Court has instructed the undersigned to "expeditiously issue an amended Report and Recommendation on Plaintiff Craig Cunningham's Motion for a Default Judgment (Dkt. #37) in light of this Order and the Court's decision in *Cunningham v. Matrix Financial Services, LLC*, No. 4:19-CV-896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021)" [Dkt. 58 at 3]. *AAPC*, the Supreme Court case that *Matrix* analyzes, was decided on July 6, 2020—roughly coeval to the September 24, 2020 Report and Recommendation [Dkt. 46]. Moreover, the Court had not yet been presented with the issue squarely addressed by *Matrix* at the time of issuance of its earlier recommendation. *See* [Dkt. 46]. The Court now considers the pending Motion for Default Judgment in light of the District Court's instruction.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. *See*

FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* Here, because Defendant has failed to properly answer or otherwise respond to Plaintiff's suit and Plaintiff has obtained an entry of default, the first two requisites for a default judgment have been met. Thus, the only remaining issue for determination is whether a default judgment is warranted.

An entry of default against the defendant does not automatically entitle the plaintiff to a default judgment. *See, e.g.*, *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *Waltner v. Aurora Loan Servs., L.L.C.*, 51 F. App'x 741, 749 (5th Cir. 2013). Entry of default judgment is within the Court's discretion. *See* FED. R. CIV. P. 60(b); *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey*, 161 F.3d at 893). And the Court must still discern whether it has subject matter jurisdiction before entering a default judgment. *Johnson v. Coastal Private Prot. Sec., Inc.*, No. CV 19-12660, 2020 WL 3888286, at *3 (E.D. La. July 10, 2020); *Vanderbol v. Tuller*, No. 4:18-CV-882-ALM-CAN, 2019 WL 5691818, at *7 (E.D. Tex. Aug. 26, 2019), *report and recommendation adopted*, No. 4:18-CV-882, 2019 WL 4686362 (E.D. Tex. Sept. 26, 2019).

"In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit utilize a three-part analysis: 1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief, if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (Mazzant, J.) (citing *Lindsey*, 161 F.3d at 893). Here, the Court turns immediately to the second factor: whether a sufficient basis in the pleadings based on the substantive merits for judgment exists.

**ANALYSIS**

***No Sufficient Basis in the Pleadings to Enter Default Judgment***

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). However, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206; *see also Graham*, 2017 WL 2600318, at *1.

***I. Section 227(b)***

Plaintiff asserts a claim under 47 U.S.C. § 227(b). "Section 227(b) of the TCPA makes it unlawful for any person 'to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call,' or 'to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.' " *Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-S-BH, 2018 WL 3118400, at *3 (N.D. Tex. May 29, 2018) (quoting 47 U.S.C. § 227(b)(1)(A)(iii),

(B)), *report and recommendation adopted*, No. 3:16-CV-2879-S-BH, 2018 WL 3117529 (N.D. Tex. June 25, 2018). In *Matrix*, the Court recently concluded "§ 227(b)(1)(A)(iii) [of the TCPA] was unconstitutional from the moment Congress enacted the government-debt exception until the Supreme Court handed down its decision in *AAPC*." 2021 WL 1226618, at *11. Thus, the Court lacks subject matter jurisdiction over any § 227(b)(1)(A)(iii) claims regarding calls made between November 2015 and July 6, 2020. Each of the calls in this case were placed between April 24, 2019, and October 21, 2019 [Dkts. 45; 46 at 14]. Without jurisdiction, the Court is unable to conclude there is a sufficient basis in the pleadings to enter default judgment for any claims under § 227(b). *See Cunningham v. Radius Global Solutions LLC*, No. 4:20-cv-00294-ALM (E.D. June 3, 2021), ECF No. 49 ("[T]he Court finds it lacks subject matter jurisdiction for the same reasons discussed in *Matrix Financial Services*.").

### ***II. Section 227(c)(5) and 47 C.F.R. § 64.1200(d)***

Plaintiff also brings a claim under § 227(c)(5) of the TCPA for violations of 47 C.F.R. § 64.1200(d). Section 227(c)(5) of the TCPA provides as follows:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions.

47 U.S.C. § 227(c)(5). 47 C.F.R. § 64.1200(d), which was promulgated under § 227, states that "[n]o person or entity shall initiate any call for telemarketing purposes to a *residential telephone subscriber* unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d) (emphasis added). "The regulation relates to a marketer's duty to prepare

internal policies to receive and implement affirmative requests not to receive calls." *See Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 842 (E.D. La. 2012).

Plaintiff has not sufficiently alleged a violation of § 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(d). 47 C.F.R. § 64.1200(d) applies "to a residential telephone subscriber." *See* 47 C.F.R. § 64.1200(d). Plaintiff alleges, and indeed confirmed at the evidentiary hearing, that the calls were made to one of his cell phones—not a residential telephone. Various courts, including this Court, have considered similar claims by Plaintiff and found that the regulation does not encompass Plaintiff's cell phone. *See, e.g.*, *Cunningham v. Arco Media Inc.*, No. 4:19-CV-00901-RWS-CAN, 2020 WL 2310021, at *4 (E.D. Tex. Apr. 3, 2020), *report and recommendation adopted*, No. 4:19-CV-00901-RWS-CAN, 2020 WL 2306589 (E.D. Tex. May 8, 2020); *Politi*, 2019 WL 2517085, at *4; *Cunningham v. Sunshine Consulting Group, LLC*, No. 3:16-2921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018); *Cunningham v. Rapid Capital Funding, LLC*, No. 3:16-02629, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017); *Cunningham v. Spectrum Tax Relief, LLC*, No. 3:16-2283, 2017 WL 3222559, at *7 (M.D. Tenn. July 7, 2017); *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847, 2017 WL 2719992, at *5-6 (M.D. Tenn. June 23, 2017); *see also Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1195-96 (M.D. Tenn. 2017). As such, Plaintiff has not provided a sufficient basis to proceed on his claim under § 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(d). *See TechStorm*, 2018 WL 3118400, at *4; *Cunningham v. Professional Education Institute, Inc.*, No. 4:17-CV-894, 2018 WL 6709515, at *6 (E.D. Tex. Nov. 5, 2018).

### *III. Texas Business and Commerce Code*

The Court next turns to Plaintiff's claim under the Texas Business and Commerce Code.[3] Under Texas law, "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A [i.e., Texas Business and Commerce Code § 305.001 et seq.] may bring an action in this state against the person who originates the communication for . . . damages in the amount provided by this section[.]" TEX. BUS. & COM. CODE § 305.053(a)(2). As to the Texas Business and Commerce Code, Plaintiff's live pleading alleges:

- The Texas Business and Commerce code has an analogous portion that it related to the TCPA and was violated in this case. [Dkt. 18 at 5].

- The Plaintiff may seek damages under this Texas law for violations of *47 USC 227* or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages. [Dkt. 18 at 5].

- The actions of the Defendants violated the *Texas Business and Commerce Code 305.05* by placing automated calls to a cell phone which violate *47 USC 227(b)*. The calls violated Texas law by placing calls with a pre-recorded message to a cell phone which violate *47 USC 227(c)(5)* and *47 USC 227(d)* and *47 USC 227(d)(3)* and *47 USC 227(e)*. [Dkt. 18 at 10].

- The calls by the Defendants violated Texas law by spoofing the caller ID's [sic] per *47 USC 227(e)* which in turn violates the Texas statute. [Dkt. 18 at 10].

- The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the *Texas Business and Commerce Code 305.053*, by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent in violation of *47 USC 227 et seq*. The Defendants violated *47 USC 227(d)* and *47 USC 227(d)(3)* and *47 USC 227(e)* by using an ATDS that does not comply with the technical and procedural standards under this subsection. [Dkt. 18 at 12].

---

[3] Under 28 U.S.C. § 1367(a), a court has express authority to exercise supplemental jurisdiction over state law claims Plaintiff properly pleads that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. But a court can decline to exercise supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." *See id.* § 1367(c)(3).

Plaintiff bases his relief under the Texas Business and Commerce Code on violations of 47 U.S.C. §§ 227(b), 227(c)(5), 227(d), and 227(e).

As detailed herein, the Court lacks subject matter jurisdiction over claims under § 227(b) because all calls were made between November 2015 and July 6, 2020. *See Matrix*, 2021 WL 1226618, at *11. Plaintiff fails to state a claim under § 227(c)(5) because the calls were made to his personal cell phone—not a residential telephone. *See TechStorm*, 2018 WL 3118400, at *4; *Professional Education Institute, Inc.*, 2018 WL 6709515, at *6. Next, § 227(d) governs "technical and procedural standards." But § 227(d)(3), which in turn governs "artificial or prerecorded voice systems," "does not give rise to a private cause of action." *Cunningham v. Credit Mgmt., L.P.*, No. 3:09-CV-1497-GB(BF), 2010 WL 3791104, at *5 (N.D. Tex. Aug. 30, 2010), *report and recommendation adopted*, No. 3:09-CV-1497-G(BF), 2010 WL 3791049 (N.D. Tex. Sept. 27, 2010); *see also Ashland Hosp. Corp. v. Serv. Employees Intern. Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 745 (6th Cir. 2013) ("Section 227(d) does not contain a similar private right of action, unlike other subsections."); *Hurley v. Wayne County Bd. of Educ.*, No. 3:16-9949, 2017 WL 2454325, at *4 (S.D.W. Va. June 6, 2017) ("Congress did not intend private parties to enforce either Section 227(d) or the regulations prescribed pursuant to that section."). Similarly, there is no private right of action under § 227(e), which governs "prohibition on provision of misleading or inaccurate caller identification information." *Clark v. Avatar Techs. Phl, Inc.*, No. H-13-2777, 2014 WL 1342033, at *4 (S.D. Tex. Apr. 3, 2014) ("[T]he Court concludes that Plaintiff does not have a private right of action for an alleged violation of the TCIA, 47 U.S.C. § 227(e)."); *Free Conferencing Corp. v. Comcast Corp.*, No. CV 15-4076 FMO (PJWx), 2016 WL 7637664, at *7 (C.D. Cal. May 31, 2016) ("There is no private right of action for violations of 47 U.S.C. § 227(e)."). Indeed, the statue specifically prescribes a private right of action for violations

of §§ 227(b) and 227(c), but not §§ 227(d) or 227(e). *See* 47 U.S.C. §§ 227(b)(3), 227(c)(5). Thus, there is no basis for a violation of the subsections of 47 U.S.C. § 227 upon which Plaintiff relies to support his state-law claim.

Again, under Texas law, "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A [i.e., Texas Business and Commerce Code § 305.001 et seq.] may bring an action in this state against the person who originates the communication for . . . damages in the amount provided by this section[.]" TEX. BUS. & COM. CODE § 305.053(a)(2). " 'If no violation of the TCPA exists, there is no violation of' Section 305.053." *Shields v. Dick*, No. 3:20-CV-00018, 2020 WL 5522991, at *3 (S.D. Tex. July 9, 2020) (quoting *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014)). Because Plaintiff has not demonstrated a violation of 47 U.S.C. § 227—the sole basis upon which he asserts a claim under the Texas Business and Commerce Code—Plaintiff has not provided a sufficient basis to proceed on his claim under the Texas Business and Commerce Code. *See Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 WL 2519702, at *7 (E.D. Tex. Apr. 26, 2019) ("Because Plaintiff's underlying (federal) TCPA claims fail, Plaintiff's state TCPA claim under § 305.053 also fails."), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2526536 (E.D. Tex. June 19, 2019); *Cherkaoui*, 32 F. Supp. 3d at 815 ("If no violation of the TCPA exists, there is no violation of the Texas TCPA."); *cf. Shields v. Gawk Inc.*, No. 3:18-CV-00150, 2019 WL 1787781, at *5 (S.D. Tex. Apr. 24, 2019) ("The Court has already found that [the defendant] violated Section 227(b) of the TCPA. As such, the Court finds that [the plaintiff] is also entitled to summary judgment on his Section 305.053 claim based on the violation of Section 227(b)."), *report and recommendation adopted*, No. 3:18-CV-00150, 2019 WL 2103423 (S.D. Tex. May 14, 2019).

Without a sufficient basis in the pleadings for any of his claims, the Court is unable to recommend the "drastic remedy" of entry of a default judgment. *See, e.g.*, *Jyue Hwa Fu v. Yeh Chin Chin*, No. 3:18-CV-2066-N-BN, 2020 WL 4296360, at *6 (N.D. Tex. May 6, 2020) (recommending a motion for default judgment be denied because "there is no sufficient basis in the pleadings for the judgment requested against" the defendant), *report and recommendation adopted*, No. 3:18-CV-2066-N-BN, 2020 WL 4287590 (N.D. Tex. July 27, 2020); *United States v. Donalson*, No. H-13-00153, 2014 WL 7524985, at *2 (S.D. Tex. Dec. 10, 2014) (denying a motion for default judgment after finding the plaintiff failed to provide a sufficient basis in the pleadings). Thus, Plaintiff's Motion for Default Judgment should be denied.

**CONCLUSION**

Based on the foregoing, the Court recommends (1) Plaintiff Craig Cunningham's "Motion for a Default Judgment and Request for a Hearing to Determine Damages" [Dkt. 37] be **DENIED**; and (2) the claims asserted against Defendant Creative Edge Marketing, LLC be *sua sponte* dismissed for lack of subject matter jurisdiction[4] and failure to state a claim.[5]

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate

[4] A district court has "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). If the court finds that it lacks subject matter jurisdiction, it has a duty to dismiss the case. *Id.*; FED. R. CIV. P. 12(h)(3).

[5] Generally, a district court may dismiss a plaintiff's claim for failure to state a claim *sua sponte*, "as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)); *see also Cofresi v. Medtronic, Inc.*, 450 F. Supp. 3d 759, 770 n.5 (W.D. Tex. 2020) (same). A litigant must "have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous." *Blevins*, 799 F.3d at 372 (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). Fairness requires "both notice of the court's intention and an opportunity to respond." *Id.* at 373 (quoting *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014)). Here, Plaintiff is being provided both notice and an opportunity to respond. Plaintiff has fourteen days to object to the instant recommendation. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (finding that the magistrate judge's recommendation put the habeas petitioner on notice of procedural default issue and that the objection period allowed petitioner opportunity to respond, such that district court could raise issue *sua sponte*); *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (per curiam).

judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 16th day of June, 2021.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE